# SUPERIOR COURT
## of the
# STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

Mr. Charles J. Brown, Esquire
Gellert Scali Busenkell & Brown, LLC
1201 N. Orange Street, Suite 300
Wilmington, DE 19801

Mr. Matthew Ewing
Ms. Patricia Ewing
436 Halltown Road
Marydel, DE 19964

Submitted: August 1, 2024
Decided: August 9, 2024

**RE: *Shallcross Mortgage Company v. Matthew Ewing and Patricia Ewing,
K24L-02-005 JJC***

Dear Mr. Brown and Mr. and Ms. Ewing:

This letter provides the Court's decision after a bench trial held on August 1st. At trial, the parties presented their positions regarding Plaintiff Shallcross Mortgage Company's ejectment action against Matthew and Patricia Ewing. The property at issue is a home located at 436 Hall Town Road, Marydel, Delaware (hereinafter the "property" or the "subject property"). For the following reasons, the Court enters judgment in favor of Shallcross.

**Standards**

In a bench trial, the Court sits as the trier of fact.[1]  In that role, the trial judge must judge the witnesses' credibility and determine what weight to assign their testimony and the other evidence of record.   The Court is "free to accept or reject any or all of the sworn testimony, as long as it consider[s] all of the evidence presented."[2]  The burden of proof is by a preponderance of the evidence in a civil action such as this.[3]  The party who carries the burden of proof on an issue must prove that issue to be more likely true than not.[4]

In this case, Shallcross seeks an order of ejectment under 10 *Del. C.* §6701. That Section codifies the basic procedures for an ejectment action.[5]   Section 6701 requires the filing of a civil complaint and an answer as in other civil actions.[6]  It does not contemplate a rule to show cause hearing used to resolve some other common law and statutory writs.[7]  In an ejectment action, a plaintiff must prove two

---

[1] *Torres v. Bishop*, 2021 WL 6053870, at *4 (Del. Super. Dec. 21, 2021).
[2] *Pardo v. State*, 160 A.3d 1136, 1150 (Del. 2017).
[3] *Torres*, 2021 WL 6053870, at *4.
[4] *Id.*
[5] *See* 10 *Del. C.* § 6701 (providing that an action in ejectment is tried as a routine civil action which begins with the filing of a complaint and requires the defendant to file an answer within twenty days, as he or she would in other civil actions, *rather than* requiring the Court to issue a rule to show cause notice).
[6] *Id.*
[7] Here, Shallcross filed its complaint and appropriately awaited an answer from the Ewings.  That procedure is the appropriate mechanism for an action in ejectment because the plaintiff carries the burden of proof.  This procedure differs from a rule to show cause mechanism used for some other extraordinary writs such as a writ of possession (where a petitioner seeks the return of real property retitled after a duly executed and confirmed sheriff's sale).   In a rule to show cause hearing in a petition for writ of possession for instance, the defendant/respondent carries the burden of demonstrating why the holder of a sheriff's deed does not have the right to possess the property. Here, Shallcross appropriately filed a motion for default judgment when the Ewings failed to file an answer.  At the motion hearing, the Court granted the Ewings' request for an additional three weeks to file an answer.   Thereafter, the Court, in recognition of the summary nature of an ejectment proceeding, issued a scheduling order on April 19, 2024, with a discovery cutoff of July 1, 2024, and a trial date of August 1, 2024.

elements: (1) that the plaintiff is out of possession, and (2) that he or she is entitled to possession.[8]

**Findings of Fact**

After considering the trial testimony and exhibits entered in evidence, the Court finds the following facts by a preponderance of the evidence. Shallcross held a mortgage on the subject property. Shallcross's mortgagee, TurnKey Investments, LLC ("Turnkey"), owned the property subject to that mortgage. At some point, Turnkey entered a contract to sell the subject property to the Ewings, who occupied the property without a lease or rental agreement. Turnkey and the Ewings never closed on the sale, however, and Turnkey later defaulted on its mortgage. Shallcross then filed and recorded a deed in lieu of foreclosure covering the subject property in October 2023. The Ewings have not surrendered occupancy and still reside on the property.

The trial evidence failed to demonstrate the Ewings' right to occupy the property by title or lease. As to the lack of any rental agreement, Mr. Ewing conceded that Turnkey had filed a summary possession action in the Justice of the Peace Court in December 2022 to attempt to recover possession. He acknowledged that the Justice of the Peace Court dismissed the case because there was no rental agreement between the parties.

Finally, Mr. Ewing testified that he and Ms. Ewing improved the property during their occupancy. The trial record contains no evidence regarding the extent of the repairs or their value, however. The Ewings also filed no counterclaim against Shallcross, and have made no third-party claim against Turnkey.

---

[8] *Humes, et al. v. Charles H. West Farms, Inc. et al.*, 950 A.2d 661, 665 (Del. Super. Sept. 28, 2007),

**The Parties' Contentions**

Shallcross contends that it has the right to an order of ejectment regarding the subject matter property. It asserts that (1) it is the record title holder pursuant to a presumptively valid deed recorded on October 25, 2023, and (2) it is an owner out of possession because the Ewings occupy the property.

The Ewings, for their part, contend that the Court should not eject them because Turnkey defrauded them, which, in turn, entitles them to purchase the property from Shallcross. To that end, the Ewings contend that both they and Shallcross were the victims of Turnkey's allegedly unscrupulous and criminal actions. That, the Ewings assert, should provide them the time necessary to obtain financing to purchase the property from Shallcross. Finally, the Ewings contend that the improvements they made to the property have increased its value. That, they believe, gives them a further right to possess the property until they obtain the financing necessary to purchase it from Shallcross.

**Analysis**

The evidence presented at trial includes a recorded deed, seventy-two photographs of the property and text messages between the Ewings and a Shallcross representative, and the testimony of Glenn Walters and Matthew Ewing. As the Court explained to the parties at the start of trial, it must render its decision based only upon the evidence presented during the trial.

Here, Shallcross met its burden of proof by demonstrating that it, more likely than not, owns the property. Namely, Shallcross submitted a recorded deed – the only deed in evidence – that demonstrates Shallcross' record title. In Delaware, a recorded deed constitutes prima facie evidence of ownership upon recording.[9] A party who challenges the validity of a deed must provide evidence to demonstrate

---

[9] 25 *Del. C.* § 153.

4

its invalidity and carries the burden of proof on that point.[10]   At trial, Mr. Ewing contended that Shallcross's title may have a cloud.  Apart from that allegation, the Ewings presented no admissible evidence to call into question Shallcross' evidence of ownership.  To the contrary, the unrebutted evidence at trial demonstrated conclusively that Shallcross owns the property.

Furthermore, Mr. Ewing incorrectly contends that the Court should decline to order ejectment because Turnkey breached the contract to sell the property to he and his wife, and Turnkey defrauded them when doing so.  The Court sympathizes greatly with the Ewings if that was the case.  Any dispute between the Ewings and Turnkey, however, does not provide a basis to preclude Shallcross from recovering possession of its property.

Finally, the Court finds credible Mr. Ewing's testimony that he and his wife improved the property during their occupancy.  There is no counterclaim before the Court seeking damages for unjust enrichment, however.  Furthermore, the Ewings presented no evidence regarding the nature of the improvements or the value of such improvements.  Moreover, there was no evidence submitted to support a damages award in their favor to a reasonable degree of certainty.   While the Ewings may have independent claims against Shallcross and Turnkey based upon one or more of their contentions, the Court cannot (1) include an award in their favor in its order, or (2) provide relief from ejectment, based upon unpled claims that were not supported by trial evidence.

## Conclusion

For the aforementioned reasons,  Shallcross met its burden at trial.   Judgment is entered in favor of Plaintiff Shallcross Mortgage Company against Defendants Matthew and Patricia Ewing, together with costs of the action.   As a result, a writ

---

[10] *Edwards v. Estate of Muller*, 1993 WL 489381, at *11 (Del. Ch. Oct. 18, 1993).

of ejectment is made absolute through this Order. In the interest of justice, however, execution on the writ ejectment is stayed for thirty days, until September 8, 2024. Execution may proceed immediately thereafter.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*
*U.S. Mail and email to Defendants Matthew Ewing and Patricia Ewing*